### 10062

#### HOME BANK OF BARNWELL v. ANDERSON *ET AL.*

(96 S. E. 554.)

1. JUSTICES OF THE PEACE—APPEAL—NEW TRIAL—LAW OF THE CASE.—Order of Circuit Judge, on appeal from judgment in action for deficiency remaining after sale of cotton, etc., under mortgage, granting new trial on ground that, notwithstanding the property was sold at private sale, the debtor was entitled to a credit of the value of the crops and not the sale price, was the law of the case on the new trial.

2. JUSTICES OF THE PEACE—APPEAL—REVERSAL.—Circuit Judge's order granting new trial on the ground that, notwithstanding property was sold under mortgage at private sale, the debtor was entitled to a credit of the real value of the crops sold, required the credit to be made after deduction of the cost and expense of harvesting the crops, since "real value" means actual value less necessary expenses incident to gathering and preparing the crop for market.

Before SEASE, J., Barnwell, Fall term, 1917.   Affirmed.

Action by the Home Bank of Barnwell against Claude Anderson and others.   Judgment for plaintiff, and defendants appeal.

*Mr. G. M. Greene,* for appellants, cites: *As to the construction of Judge Prince's order granting a new trial:* 75 S. C. 405.

*Messrs. Brown & Bush,* for respondent, cite: *As to construction of Judge Prince's order:* 73 S. C. 403.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In 1914, defendant, Anderson, gave plaintiff his note for $225, payable in the fall of that year, and secured by a mortgage of live stock and a crop, and the indorsement of the defendant, Greene.   After default plaintiff seized the property and advertised and sold the live stock, corn and fodder at public sale, as required by the statute and credited

the net proceeds of sale on the debt.    But the cotton was in the field ungathered.    Plaintiff had it gathered, ginned, and baled for market, and sold it and the seed from it at private sale, and, after applying the net proceeds of sale, brought this action in the Court of a magistrate to recover the balance due on the note.    The magistrate gave judgment for plaintiff for $47.60.    On appeal the Circuit Court (Judge Prince) ordered a new trial on the sole ground that, as the cotton and seed had been sold at private sale, it amounted to a conversion of that part of the property, and that the mortgagor was entitled to credit for the real value of the cotton and seed rather than the price obtained at private sale.    On the new trial, the magistrate found that the price obtained by plaintiff was the real value of the cotton and seed and gave judgment as before, which was affirmed by the Circuit Court (Judge Sease).    Defendants appealed, assigning error in the construction of Judge Prince's order. They contend that, under his order, plaintiff was not entitled to deduct any of the expenses of gathering the cotton and preparing it for market, but was required to credit the real value of the cotton and seed without any deductions.

We agree with appellants that Judge Prince's order is the law of the case.    But it does not warrant the construction put upon it by appellants.    It clearly appears from his order that Judge Prince merely intended to hold that the mortgagor was entitled to credit for the actual value of the cotton and seed, and, as there was no evidence that the price obtained at private sale was the actual value, he ordered a new trial so that the actual value might be proved and credited.    He said:

"Defendant is entitled to credit for the real value of the cotton and cotton seed, and if, after such accounting, the debt has been canceled, verdict should be in favor of defendant.    If the debt is not entirely canceled, plaintiff is entitled to a verdict for the balance that is due, after the accounting for the real value of the cotton and cotton seed."

He said nothing about the expenses and we must assume that he meant, by the "real value," the actual value, less the necessary expenses incident to the gathering and preparation of the crop for market which plaintiff would have been entitled to deduct, if the property had been advertised and sold, as required by the statute.   His order is inconsistent with the idea that, as a consequence of the conversion plaintiff had forfeited the right to recover any deficiency on the mortgage debt, for he expressly gave the right to a judgment for such deficiency, if there should be any, after crediting the real value of the cotton and cotton seed.

Judgment affirmed.